**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**AT COVINGTON**

| | | |
|---|---|---|
| **Darrel Fannin Trucking, LLC** | ) | |
| | ) | |
| **Plaintiff** | ) | **Case No.** |
| | ) | |
| **v.** | ) | **JURY DEMAND** |
| | ) | |
| **United States of America** | ) | |
| | ) | |
| **Serve:  Scott Bessent** | ) | |
| **Internal Revenue Service** | ) | |
| **1500 Pennsylvania Avenue, NW** | ) | |
| **Washington, D.C. 20220** | ) | |
| | ) | |
| **Serve:  Paul McCaffrey, Esq.** | ) | |
| **United States Attorney** | ) | |
| **Eastern District of Kentucky** | ) | |
| **35 West 5th Street** | ) | |
| **Covington, Kentucky 41011** | ) | |
| | ) | |
| **Serve:  Pam Bondi, Esq.** | ) | |
| **United States Attorney General** | ) | |
| **United States Department of Justice** | ) | |
| **950 Pennsylvania Avenue, NW** | ) | |
| **Washington, DC 20530-0001** | ) | |
| | ) | |
| **Defendants** | ) | |

---

**COMPLAINT**
**For Declaratory Judgment and Jury Trial**

---

Comes before the Court the Plaintiff, Darrel Fannin Trucking, LLC, and for its Complaint against the Defendant United States of America, alleges:

**The Parties**

1.      Plaintiff Darrel Fannin Trucking, LLC is a Kentucky Limited Liability Corporation that was formed in 2017 with its principal place of business at 7072 Orangeburg Road, Maysville,

Kentucky 41056 that is, and at all times relevant to this Complaint was, engaged in the business of motor freight transportation.

2.     Defendant is the United States of America, acting by and through the Internal Revenue Service, an administrative agency.

3.     Defendant Scott Bessent is the current Acting Commissioner of the Internal Revenue Service and is sued in his official capacity.  Defendant Bessent is the federal official responsible for the administration and implementation of the agency's legal duties.

### Jurisdiction and Venue

4.     This Court has jurisdiction over Counts 1 - 4 pursuant to Code § 7422 and 28 U.S.C. § 1346(a)(1).

5.     This Court has jurisdiction over Count 5 pursuant to 28 U.S.C. § 1331 as this case arises under the laws of the United States, specifically the Administrative Procedure Act, 5 U.S.C. §§ 701, et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201-2202.

6.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1402(a)(2) because Darrel Fannin Trucking, LLC's principal place of business is in the Eastern District of Kentucky.

### Legal Background

7.     Plaintiff Darrel Fannin Trucking, LLC brings this action for an abatement of all assessments of federal excise taxes and interest erroneously assessed against it by the Internal Revenue Service [the "IRS"] under 26 U.S.C. § 4051 [a statute of the Internal Revenue Code of 1986], for the 3rd and 4th Quarters of 2015; the 1st, 3rd, and 4th Quarters of 2016; the 1st and 3rd Quarters of 2017; and the 3rd and 4th Quarters of 2018 including a refund of any payments or credits applied to these liabilities since they were assessed  and a refund of all federal excise taxes and interest paid by it upon the filing of Forms 720 for  3rd Quarter 2020 and the 1st Quarter 2021.

2

8.      26 U.S.C. § 4051 imposes a twelve percent (12%) excise tax on the "first retail sale" of five (5) distinct articles, including trucks of the kind chiefly used for highway transportation in combination with a trailer or semitrailer.

9.      26 U.S.C. § 4052(a)(1) defines "first retail sale" to mean, "the first sale, for a purpose other than for resale or leasing in a long-term lease, after production, manufacture, or importation."

10.     26 U.S.C. § 4052(f)(1) provides a statutory "safe harbor" for repairs or modifications to an article that previously was taxed under 26 U.S.C. § 4051 if the cost of the repairs or modifications does not exceed seventy-five percent (75%) of the retail price of a comparable new article.  26 U.S.C. § 4052(f)(1) states:

> **(1)     In general**
> An article described in section 4051(a)(1) shall not be treated as manufactured or produced solely by reason of repairs or modifications to the article (including any modification which changes the transportation function of the article or restores a wrecked article to a functional condition) if the cost of such repairs and modifications does not exceed 75 percent of the retail price of a comparable new article.
>
> **(2)     Exception**
> Paragraph (1) shall not apply if the article (as repaired or modified) would, if new, be taxable under section 4051 and the article when new was not taxable under such section or the corresponding provision of prior law.

11.     Congress first enacted 26 U.S.C. § 4052(f)(1) in 1988 as an objective math test to avoid dispute between the IRS and taxpayers over the extent to which repairs to a previously taxed article would constitute "manufacture" or "production" under 26 U.S.C. § 4052(a)(1) and to avoid having to arbitrarily decide which and how many components of the previously taxed article had to be retained to avoid secondary taxation. (See, House Report No. 100-1104 (1988) for Technical and Miscellaneous Revenue Act of 1988, Pub. L. No. 100-647, 102 Stat. 3342 ("TAMRA"); See also, *Fitzgerald Truck Parts and Sales v. United States*, 132 F.4th 937, 947 (6th Cir. 2025).

12.     The IRS adopted the 75% safe harbor math test in Revenue Ruling 91-27, 1991-1 C.B. 192, taking the position that the safe harbor applied to worn articles that satisfied the 75% math test,

3

but not wrecked articles (even if they could satisfy the same math test) or to modifications that changed the vehicle's transportation function.

13.     In Revenue Ruling 91-27, the IRS ruled the owner of a worn truck, who does not regularly sell trucks in arm's-length transactions and who returned the truck in issue to his fleet, was not subject to federal excise tax on the extensive restoration of the previously-taxed truck, even though it included the addition of new components and rebuilding of others, "because the cost of the restoration of the worn truck did not exceed 75 percent of the price of a comparable new vehicle."

14.     Revenue Ruling 91-27 has never been revoked by the IRS, and the IRS has continued to rely on it in issuing technical advice memoranda, private letter rulings, and a field service advisory.

15.     Congress again codified the safe harbor and the seventy-five percent (75%) math test under 26 U.S.C. § 4052 as part of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1434(a), 111 Stat. 788, 1052, and the safe harbor, as codified, is broader than Revenue Ruling 91-27, in that it applies both to worn and to wrecked articles and to modifications that change the article's transportation function.

16.     Application of the safe harbor has no requirements other than those set forth in 26 U.S.C. § 4052(f).  The safe harbor provision of 26 U.S.C. § 4052(f)(1) applies when repairs or modifications are made to deconstructed trucks that are no longer identifiable so long as the modifications do not exceed 75% of the retail price of a comparable new vehicle.  See, *Fitzgerald Truck Parts and Sales v. U.S.*, 132 F.4th 937, 942 (6th. Cir. 2025).

17.     For more than twenty (20) years, the IRS has recognized in public rulings that the applicability of the safe harbor under 26 U.S.C. § 4052(f) turns solely on whether the seventy-five percent (75%) math test is met.

4

**Claims for Relief**

**Count 1 –    Abatement of Assessments of Federal Excise Tax for Periods in 2015, 2016, 2017, and 2018**

18.    Darrel Fannin Trucking, LLC incorporates by reference Paragraphs 1 – 17 above.

19.    On or about July 9, 2019, the IRS notified Darrel Fannin Trucking, LLC of an assessment of federal excise taxes and imposition of tax penalties for the 3rd and 4th Quarters of 2015; the 1st, 3rd, and 4th Quarters of 2016; the 1st and 3rd Quarters of 2017; and the 3rd and 4th Quarters of 2018 imposed upon fourteen (14) trucks that were refurbished and remained part of Darrel Fannin Trucking, LLC's fleet of vehicles.

20.    The fourteen (14) refurbished trucks subject of the IRS's July 9, 2019 notification had been subject to taxation under 26 U.S.C. § 4051 upon their "first retail sale" as that term is defined in 26 U.S.C. § 4052(a)(1).

20A.    The trucks subject of Counts 1, 3, 4, and 5 are identified by the last four (4) digits of the Donor Truck's VIN as follows:

| | | |
|---|---|---|
| Truck No.  1 | 0170 | |
| Truck No.  2 | 6276 | |
| Truck No.  3 | 1959 | |
| Truck No.  4 | 6248 | |
| Truck No.  5 | 6270 | |
| Truck No.  6 | 1955 | (Truck No. 6 does not qualify for safe harbor.) |
| Truck No.  7 | 1923 | |
| Truck No.  8 | 6260 | |
| Truck No.  9 | 6870 | (Truck No. 9 does not qualify for safe harbor.) |
| Truck No. 10 | 0177 | |
| Truck No. 11 | 6446 | |
| Truck No. 12 | 4549 | |
| Truck No. 13 | 8173 | |
| Truck No. 14 | 8175 | |

21.    The IRS erred in its assessment of federal excise tax and penalties on twelve (12) of these fourteen (14) trucks because it erroneously applied FET to Truck No. 1, and it failed to apply the safe harbor of 26 U.S.C. § 4052(f) to Trucks No. 2, 3, 4, 5, 7, 8, 10, 11, 12, 13, and 14.

5

22. Darrel Fannin Trucking, LLC was not the vendor of Truck No. 1 (a rolling truck) and, therefore, was not liable for the FET on Truck No. 1.

23. 26 U.S.C. § 4052(f) applies to extend safe harbor protections against the assessment of federal excise tax, penalties, and interest against Darrel Fannin Trucking, LLC for the tax periods at issue, because the cost of repair on all vehicles was less than seventy-five percent (75%) of the cost of a new comparable article.

24. Truck Nos. 2, 3, 4, 5, 7, 8, 10, 11, 12, 13, and 14 ("the Eligible Trucks") qualify for the Safe Harbor provision of 26 U.S.C. § 4052(f). Truck Nos. 6 and 9 do not qualify for the Safe Harbor provision of 26 U.S.C. § 4052(f).

25. Darrel Fannin Trucking, LLC is entitled to the abatement of all unpaid assessments of tax, penalties, and interest for the relevant tax periods for the Eligible Trucks.

26. Darrel Fannin Trucking, LLC is entitled to a refund of any credits or payments previously applied to the erroneous assessments of tax, penalties, and interest for the relevant tax periods for the Eligible Trucks.

**Count 2 –      Refund of Federal Excise Tax Paid on Previously-Taxed Trucks**

27. Darrel Fannin Trucking, LLC incorporates by reference Paragraphs 1 – 26 above.

28. The trucks subject of Count 2, 3, 4 and 5 are numbered herein by the last four (4) digits of the Truck's VIN as follows:

| Truck No. 21 | 8081 |
| Truck No. 22 | 8675 |
| Truck No. 23 | 2642 |
| Truck No. 24 | 8734 |
| Truck No. 25 | 8735 |

29. On or about October 31, 2020, DFT filed a Form 720 for the 3rd Quarter of 2020 and paid federal excise tax for that period for three (3) trucks: Nos. 21, 22, and 23.

30. On or about April 30, 2021, DFT filed a Form 720 for the 1st Quarter of 2021 and paid federal excise tax for that period for two (2) trucks, Nos. 24 and 25.

31. On or about October 17, 2023, DFT filed claims for refund via Forms 720-X for both the 3rd Quarter of 2020 (for Trucks No. 21, 22, and 23) totaling $34,868 and the 1st Quarter of 2021 (for Trucks No. 24 and 25) totaling $15,562, respectively.

32. On or about May 2, 2024, the IRS denied the two (2) Claims for Refund and, therefore, the United States District Court has jurisdiction to adjudicate Darrel Fannin Trucking, LLC's two (2) claims for refund of those tax payments pursuant to 28 U.S.C. § 1346(a)(1).

33. On or about May 14, 2024, DFT protested the Service's denial of its two (2) claims for refund and requested transfer of those two (2) claims for refund to the Appeals Division.

34. On or about May 20, 2025, DFT had a telephonic conference with the Appeals Division at which time Appeals Officer Barbara Yokovich stated she would grant the two (2) claims for refund pending review of DFT's documentation of cost.

35. Since May 20, 2025, DFT has received no correspondence from the Service including the Appeals Division.

36. Darrel Fannin Trucking, LLC is entitled to a refund of all tax, penalties, and interest paid for the 3rd Quarter of 2020 and 1st Quarter of 2021 with regard to Trucks No. 21-25.

**Count 3 –    Equitable Estoppel Based on Prior IRS Rulings and Guidance**

37. Darrel Fannin Trucking, LLC incorporates by reference Paragraphs 1 - 36 above.

38. Estoppel is a judicial doctrine founded in equity that will be invoked to avoid injustice and unfair results where a taxpayer has relied to its detriment on IRS actions and representations.

39. For decades, IRS rulings and other guidance explicitly and consistently ruled that a worn highway truck repaired or refurbished with a glider kit was eligible for the safe harbor provisions of 26 U.S.C. § 4052(f).

7

40. Congress has not changed the seventy-five percent (75%) safe harbor math test since it was codified in 1997.

41. Darrel Fannin Trucking, LLC relied upon 26 U.S.C. § 4052(f) and Revenue Ruling 91-27 that made the safe harbor applicable to previously taxed trucks that were repaired or refurbished using a "glider kit."

42. If it is true, as the IRS now claims, that the safe harbor of 26 U.S.C. § 4052(f)(1) does not apply to worn or wrecked highway trucks refurbished with a glider kit even when they satisfy the seventy-five percent (75%) math test, then the IRS's rulings and other published guidance constitute material misrepresentations as to the applicability to 26 U.S.C. § 4052(f)(1).

43. IRS Revenue Ruling 91-27 and other IRS published guidance were intended to induce taxpayer reliance and did induce taxpayer reliance by Darrel Fannin Trucking, LLC.

44. In determining that the safe harbor of 26 U.S.C. § 4052(f)(1) applied to the refurbishment of fleet vehicles during the relevant tax periods, Darrel Fannin Trucking, LLC reasonably relied to its detriment on IRS Rulings and other published guidance that the IRS has not revoked or modified.

45. In reliance upon the safe harbor of 26 U.S.C. § 4052(f) and Revenue Ruling 91-27, Darrel Fannin Trucking, LLC refurbished the fourteen (14) trucks subject of the IRS's July 9, 2019 notification and incorporated them into its working fleet, rather than purchasing comparable new vehicles.

46. If the Court were to determine that the safe harbor of 26 U.S.C. § 4052(f)(1) does not apply to Darrel Fannin Trucking, LLC's trucks, Darrel Fannin Trucking, LLC would nonetheless be entitled to a refund of excise taxes paid and abatement of the unpaid assessments of tax, penalties, and interest for the relevant tax periods because all elements of equitable estoppel are met.

8

**Count 4 –    Equitable Estoppel Based on Retroactive Application of a New Legal Standard**

47.    Darrel Fannin Trucking, LLC incorporates by reference Paragraphs 1 – 46 above.

48.    The IRS's audit position that the safe harbor of 26 U.S.C. § 4052(f)(1) does not apply when, as part of a repair or modification to a worn or wrecked highway truck, certain specified components of the truck are replaced was first made known to the public in 2017 when the IRS issued Notice 2017-5.

49.    Notice 2017-5, which has a stated effective date of January 9, 2017, provided allegedly interim definitions for the terms "chassis" and "body" as used in 26 U.S.C. § 4051(a).

50.    Notice 2017-5 provided, "The Treasury Department and the IRS recognize that taxpayers would benefit from having definitions of 'chassis' and 'body' in order to identify chassis and bodies that are subject to tax under § 4051(a)(1) and in order to apply the safe harbor provision in §4052(f)(1).  Accordingly, the Treasury Department and the IRS have adopted interim definitions of 'chassis' and 'body' for these purposes."

51.    The terms "chassis" and "bodies" are used in 26 U.S.C. § 4051(a)(1)(A) through (D).

52.    The tax imposed upon Darrel Fannin Trucking, LLC is for nineteen (19) previously taxed trucks that, the IRS contends, were subject to taxation after repair and refurbishment under 26 U.S.C. § 4051(a)(1)(E), which does not incorporate the terms "chassis" or "bodies."

53.    Notice 2017-5 provided, for purposes of applying the safe harbor of 26 U.S.C. §4052(f)(1), the IRS would use the interim definitions of "chassis" and "body" "to determine the threshold issue of whether a § 4051(a)(1) article has been repaired or modified.  In other words, the §4052(f)(1) safe harbor provision may be applied to a chassis or body only if the chassis or body being repaired or modified is identifiable as such within the meaning of Section 3 of this notice."

54.    The standard established in Notice 2017-5 for applying the 26 U.S.C. § 4052(f)(1) safe harbor is the same standard the IRS applied when it denied Darrel Fannin Trucking, LLC's claim for

9

refund and assessed additional excise taxes, penalties, and interest against it for the relevant tax periods.

55.     Even if Notice 2017-5 were consistent with 26 U.S.C. § 4052(f)(1), the doctrine of equitable estoppel would bar the IRS from applying a legal standard with a purported effective date of January 9, 2017, which was not made known to the public until later in 2017, to Darrel Fannin Trucking, LLC for the 3rd and 4th Quarters of 2015; the 1st, 3rd, and 4th Quarters of 2016; and the 1st Quarter of 2017.

**Count 5 –     Declaration of Rights under the Administrative Procedure Act - 5 U.S.C. § 702**

56.     Darrel Fannin Trucking, LLC incorporates by reference Paragraphs 1 – 55 above.

57.     Defendant Scott Bessent, Acting Commissioner for the Internal Revenue Service, is an appropriate party to litigate this Declaration of Rights action under the Administrative Procedure Act, 5 U.S.C. § 702.

58.     In denying Darrel Fannin Trucking, LLC's Request for Refund, the IRS has taken "agency action" within the meaning of 5 U.S.C. §§ 701, *et seq.*

59.     Count 5 is an action for declaratory and injunctive relief against Defendant United States of America *ex rel.* the Internal Revenue Service, pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701 – 706 ["the APA"] and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

60.     This is an action for judicial review of a final agency action within the meaning of 5 U.S.C. § 704 of the Administrative Procedure Act.  Darrel Fannin Trucking, LLC challenges the IRS determination, on or about July 9, 2019, that Darrel Fannin Trucking LLC owed federal excise tax, penalties, and interest for the 3rd and 4th Quarters of 2015; the 1st, 3rd, and 4th Quarters of 2016; the 1st and 3rd Quarters of 2017; and the 3rd and 4th Quarters of 2018.

61.     In imposing such federal excise tax, penalties, and interest, the IRS relied upon Notice 2017-5 to deny the safe harbor protections of 26 U.S.C. §4052(f)(1).

62.     Notice 2017-5 is an "interim guidance" only; it is not a regulation.

63.     Revenue Ruling 91-27 is the Internal Revenue Service's official interpretation of the federal excise taxation laws set forth in 26 U.S.C. §§ 4051 and 4052.  The scenario presented by the federal excise tax imposed against Darrel Fannin Trucking, LLC is analogous to Scenario 1 in Revenue Ruling 91-27 and consistent with the plain language of 26 U.S.C. § 4052(f)(1).

64.     The Internal Revenue Service's action was an arbitrary, capricious, abuse of agency discretion not otherwise in accordance with the law in violation of 5 U.S.C. §706(2).

65.     The Internal Revenue Service's action was contrary to the plain language of 26 U.S.C. § 4052(f)(1).  See, *Fitzgerald Truck Parts and Sales v. U.S.*, 132 F.4th 937, 942 (6th. Cir. 2025).

66.     The July 9, 2019 IRS determination of federal excise tax liability against Darrel Fannin Trucking, LLC has caused economic harm to Darrel Fannin Trucking, LLC, which harm is capable of being redressed by the Court.

67.     An actual controversy exists between the parties within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and this Court may grant the requested declaratory and injunctive relief.

68.     Pursuant to 5 U.S.C. § 706, the Court should hold the agency action unlawful in violation of 26 U.S.C. § 4052(f)(1) and set it aside.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 38.01, Darrel Fannin Trucking, LLC respectfully demands jury trial of all issues so triable under Counts 1 through 4, herein.

### Prayer for Relief

**WHEREFORE**, Plaintiff Darrel Fannin Trucking, LLC respectfully requests that this Court enter judgment against the Defendants Scott Bessent and United States of America, *ex rel.* the Internal Revenue Service, and grant the following:

11

A.  Declaratory Judgment that the Defendant Internal Revenue Service's action of July 9, 2019 was unlawful, arbitrary, capricious, and in violation of the Administrative Procedure Act, 5 U.S.C. § 706;

B.  Trial by jury of all issues so triable;

C.  A permanent injunction enjoining the Defendant Internal Revenue Service from enforcing or implementing its July 9, 2019 determination of liability for federal excise tax, penalties, and interest against Darrel Fannin Trucking, LLC;

D.  A refund of all amounts paid by Plaintiff Darrel Fannin Trucking, LLC for the relevant tax periods for assessments of federal excise tax, penalties, and interest;

E.  Reasonable attorneys' fees and costs;

F.  Pre-judgment and post-judgment interest on all sums certain; and

G.  Any and all other relief to which Plaintiff is or may become entitled.

Respectfully,

**MCBRAYER PLLC**

*/s/ Ed Monarch, Esq.*
Ed Monarch, Esq. (KBA #84898)
500 West Jefferson Street, Suite 2400
Louisville, Kentucky 40202
EMonarch@McBrayerFirm.com
Phone:          502/327-5400
Facsimile:      502/327-5444

Kenton Ball, Esq. (KBA #02904)
201 East Main Street, Suite 900
Lexington, Kentucky 40507
KBall@McBrayerFirm.com
Phone:          859/231-8780
Facsimile:      859/231-6518